```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION
```

IN RE:                                 ) CHAPTER 13
                                       )
RACHEL SHANNON CARTWRIGHT,             )
                                       ) CASE NO. 09-71725-REB
                                       )
    DEBTOR.                            )

**OBJECTION TO CONFIRMATION**

     COMES NOW ADAM M. GOODMAN, TRUSTEE herein, and objects to Confirmation of the Plan for the following reasons:

     1.   The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

     2.   Debtor has failed to attend the 11 U.S.C. Section 341 hearing.

     3.   The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

     4.   The Debtor has failed to provide the Trustee with a copy of the 2008 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

     5.   The Internal Revenue Service and Wells Fargo filed secured and/or priority proofs of claim; however, the Plan fails to provide treatment for said claim, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

     6.   The Debtor's Chapter 13 Plan fails to provide for an increase in payments when direct payments at $1,160.00 per month for non-filing spouse's Chapter 13 plan payment end; this may show lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

     7.   The Debtor should provide proof of the $600.00 expenses for childcare and Debtor's non-filing spouse's $1,810.00 expenses reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8.     Pursuant to information received from the Internal Revenue Service, 2008 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

9.     In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's non-filing spouse's $5,400.00 income to the Chapter 13 Trustee.  11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

10.    The Debtor proposes a $683.00 per month plan payment and attorney's fees are $2,300.00.  The Debtor's counsel proposes to be paid up to $2,300.00 in the initial post-confirmation disbursement with the balance paid at $600.00 per month.  This disbursement schedule may not be fair and equitable to all creditors and interested parties involved in this case.  11 U.S.C. Section 1325(a)(3), General Order 6-2006.

11.    Debtor has filed two (2) previous unsuccessful Chapter 13 cases, first case being 06-61293 filed February 6, 2006 and dismissed after confirmation January 9, 2007 because the Debtor defaulted in payments to the Trustee in the amount of $4,584.00 and second case being 08-80188 filed October 7, 2008 and dismissed prior to confirmation January 9, 2009 because the Debtor failed to fund the plan and failed to resolve objections to confirmation.  Due to Debtor having failed to file a confirmable plan in the instant Chapter 13 case, it appears the instant Chapter 13 case was not filed in good faith.  Based on the foregoing, the Chapter 13 Trustee respectfully moves the Court to dismiss the instant case with prejudice, thereby rendering the Debtor ineligible for relief under Title 11 for one hundred eighty (180) days, pursuant to 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), 105(a), 109(g) and 349(a).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the plan, and to dismiss the case with prejudice, thereby rendering the Debtor ineligible from re-filing another case under Title 11 for one hundred eighty (180) days, pursuant to 11 U.S.C. Sections 105(a) and 109(g).

June 26, 2009.

____/s/_____
Celeste A. Belville,
Attorney for Chapter 13 Trustee
GA Bar No. 049702

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

09-71725-REB

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served

DEBTOR:

    RACHEL SHANNON CARTWRIGHT
    630 BECKENHAM WALK DRIVE
    DACULA, GA 30019

ATTORNEY FOR DEBTOR:

    SAEDI & WELLS, LLC
    1401 PEACHTREE STREET
    SUITE 500
    ATLANTA, GA 30309

the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 26th day of June 2009.

    /s/
_____

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444